YOUNGS *vs.* J. C. & W. B. MORRISON.

It is not necessary, in a creditor's bill, to state the docketing of the judgment except in those cases where the judgment has been recovered in a local court, and the execution has been issued to a different county from that in which the court was held.

Where a judgment is recovered in the supreme court, so that the execution may be issued to any county in the state, it is no objection to a creditor's bill that the judgment had not been docketed in the county to which the execution was issued.

THIS was an appeal from a decision of a vice chancellor overruling the demurrer of the defendant W. B. Morrison.

*C. Stevens,* for the appellant.

*H. F. Clark,* for the respondent.

THE CHANCELLOR. The objection that it does not ap- August 15. pear by the complainant's bill that the judgment had been docketed in the office of the clerk of the county to which the execution issued is not well taken. It is only necessary to docket the judgment, in order to authorize the issuing of the execution, where the judgment has been recovered in a local court and the execution is to be issued to the sheriff of a different county from that in which the judgment was recovered. (*Laws of* 1840, *p.* 335, § 30.) Where the execution is issued to the sheriff of the county in which the judgment was recovered, or if such judgment was in the supreme court so as to authorize the issuing of an execution to any county in the state, the execution is regular although the judgment has not been docketed so as to give it a preference as a lien upon real estate. And the defendant in a creditor's bill cannot object that the complainant has not taken the proper steps to enforce his judgment against property which had been sold by the defendant to bona fide purchasers previous to issuing the execution.

Decretal order appealed from affirmed.