Clark *v.* Dakin.

## CLARK *vs.* DAKIN and others.

The returning of an execution, issued on a judgment in the supreme court, to the wrong clerk's office, *it seems* is a mere error of form, which even that court would not notice, upon an application to set aside the return for irregularity.

But if such a return is irregular, application must be made to the supreme court to set aside the return. The irregularity cannot be insisted upon, in the court of chancery, as a ground for resisting an application for a receiver, upon a creditor's bill founded on the judgment at law.

It is not necessary to docket a judgment of the supreme court, to enable the plaintiff to sell the defendant's interest in lands, upon an execution.

The defendant in a creditor's suit, cannot object that the complainant has not exhausted his remedy against lands which had been sold, or pledged to others, before the execution upon the judgment at law was issued.

A judgment recovered previous to the passage of the law requiring judgments in the supreme court to be docketed in the several counties, is a lien upon all the lands of the defendant in any of the counties of the state, without being docketed in each county.

The revival of a judgment, by *scire facias*, does not render a second docketing of such judgment necessary, so far as respects the original debt and costs.

THIS was an application, by the complainant, for the appointment of a receiver upon a creditor's bill, as against the defendants Dakin and W. W. Mumford, the judgment debtors.

*O. L. Barbour*, for the motion.

*W. W. Mumford*, for the defendants.

THE CHANCELLOR. Several technical objections were taken to this application, by the defendant W. W. Mumford, which it may be proper briefly to notice. The first is, that the execution, which was issued to the county of Monroe, was returned

to the clerk's office in Utica, instead of the clerk's office at Geneva. I am inclined to think this is a mere matter of form, which even the supreme court would not notice, upon an application to set aside the return for irregularity. But if it is irregular, the application must be made there, to set aside the return. For the remedy at law is exhausted, by the sheriff's return upon the execution, which is all that is necessary to give this court jurisdiction to proceed.

The next objection is, that the judgment has not been docketed in the county of Monroe, where the defendant Mumford resides. The short answer to this objection is, that this court has frequently decided that it is not necessary to docket a judgment of the supreme court, to enable the plaintiff to sell the defendant's interest in lands.(*a*) The object of docketing the judgment is merely to obtain a lien upon the lands as against purchasers and subsequent mortgagees, or judgment creditors. And the defendant in a creditor's bill cannot object that the plaintiff has not exhausted his remedy against lands which had been sold or pledged to others, before the execution issued. (10 *Paige's Rep.* 325.) Again; the judgment in this case was recovered in 1839, before the passage of the law allowing or requiring judgments in the supreme court to be docketed in the several counties. It was therefore a lien upon all lands of the defendants in any of the counties of the state; and the revival of the judgment by scire facias did not render a second docketing necessary, so far as respects the original debt and costs.

The objection that the judgment was purchased for the purpose of bringing a suit upon it, rests only upon the suspicion of the defendant, and therefore cannot avail him, without some proof of the fact. And the same may be said in relation to the objection that the complainant is not a bona fide assignee of the judgment, but holds it as a mere trustee for the original judgment creditor. The defendant does not pretend to know the fact alleged, but merely states it as his belief. But that alone is not sufficient, to justify the court in presuming that the

(*a*) See *Youngs* v. *Morrison*, (10 *Paige*, 325.)　*Corey* v. *Cornelius*, (1 *Barb. Ch. Rep.* 571.)

Clark *v.* Dakin.

alleged assignment of the judgment was fraudulent and collusive. And such assignment having been made before the filing of Mumford's bill against Sprague, the decree in that suit, even if it still remained in full force and effect, could not be a bar to the present suit.

But the assignee of the judgment took it subject to the equity of any of the defendants therein, to be released from all responsibility thereon. And the matters stated in the bill of *Mumford* v. *Sprague*, which are verified by the oath of the defendant, W. W. Mumford, in that suit, will, if set up as an answer to this creditor's bill, and supported by proof, probably constitute an equitable defence to the bill of the present complainant, who sits in the seat of his assignor. There seems, therefore, to be a good reason, upon that ground alone, for refusing to appoint a receiver as to the property and effects of W. W. Mumford, in this stage of the suit, unless it should appear that some of his property or effects are in such a situation as to require the immediate interposition of the court, to prevent a loss to both parties, before the case can be decided upon its merits. The injunction, if one has been granted, will in the meantime, prevent the defendant Mumford from wasting or squandering his property. The application for the appointment of a receiver, as to him, must therefore, for the present, be denied, and the costs are to abide the event of the suit. But it must be denied without prejudice to the right to renew the application, upon papers presenting a case rendering the interposition of the court necessary or proper.

The receivership, as to the defendant Dakin, who makes no defence, may be granted; and the reference is to be to a master in the county where Dakin resides.